## C. P. Davis v. The People of the State of Illinois, for the use of Henry C. Rice, et al.

1. WILL—*construction of.* A will must be construed by reference only to the language employed by the testator.

2. ANNUITY—*construction of will as to.* In this case a clause in a will is set out and construed to require the payment of an annuity for the period of twenty-five years, and not merely, should the beneficiary die before the expiration of such period, until the children of such beneficiary reach their majority.

Action of debt. Appeal from the Circuit Court of Coles County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

J. H. MARSHALL, for appellant.

A. C. ANDERSON, for appellee; JOSEPH L. MURPHEY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee brought this action in debt against appellant and one John S. Sargent, averring in the declaration that at the November term, A. D. 1878, of the County Court of Coles County, one John S. Sargent was appointed administrator with the will annexed of the estate of Stephen Sargent, deceased, and then and there duly qualified as such; that said defendants then and there by their writing obligatory, jointly and severally acknowledged themselves to be held and firmly bound unto the plaintiff in the penal sum of $50,000 to be paid to the plaintiff; that the said Stephen Sargent executed his last will and testament, the portion of which involved in this suit is as follows:

"I give and devise to my son, John Sargent, all my estate, both real and personal, of every nature and kind whatsoever, and to take possession of it, after my death. It is my will that he shall pay to my wife, Nancy Sargent, the sum of five hundred dollars ($500) and to my daughter, Maggie Rice, the sum of five hundred dollars yearly for the period of twenty-five years, if she should live so long; but in case of her death before the expiration of said annuities, they be held in trust by him for the benefit of her children and keep the same at interest until they shall become of lawful age."

That Henry C. Rice and Carrie Edith Collins are the only children of Maggie Rice, mentioned in said will; that said Maggie Rice died January 7, 1894, and that they are both of lawful age; that by the terms of said will said John S. Sargent was to retain the annuity of $500, and invest the same at interest until said children should arrive at full age, but that since that time said annuities are in default and that said John S. Sargent has in his hands more than a sufficient sum of money to pay said legacies to said claimants, as he is directed to do in said will, but has neglected and refused so to do. The declaration continues in proper form and assigns the necessary breaches. Appellant interposed a demurrer to this declaration which was overruled, and having elected to stand by such demurrer, judgment was rendered against him for $50,000 debt and $750 damages and costs, from which judgment he appealed to this court.

The only question at issue and to be determined is the proper construction of the clause in the will of Stephen Sargent, which is as follows:

"It is my will that he shall pay * * * to my daughter Maggie Rice the sum of five hundred dollars yearly for the period of twenty-five years, if she should live so long; but in case of her death before the expiration of said annuities, they be held in trust by him for the benefit of her children, and keep the same at interest until they shall become of lawful age."

It is contended by appellant that the annuity therein provided for ceases upon the arrival at their majority of the children of Maggie Rice, while appellee contends that the said children are entitled to receive such annuity until the

expiration of the period of twenty-five years after the probate of said will.

The clause of the will in question must be construed by reference alone to the language employed by the testator.

"The natural construction of the words used will be adopted unless there is such an impracticability of so construing them as to authorize their rejection, or such uncertainty that no effect can be given to them in that sense." Blackmore v. Blackmore, 187 Ill. 102.

Maggie Rice died before the expiration of the twenty-five years, the life of the annuity bequeathed to her, leaving two minor children. In this event the will provided that "said annuities," manifestly meaning "the sum of $500 for the period of twenty-five years," "they," meaning "said annuities," "be held in trust by him for the benefit of her children and keep the same at interest until they shall become of lawful age."

Appellant, we think, confuses the language of the will with reference to the duty of the trustee in relation to his trust, during the minority of the children, with the bequest of the annuities. His relation as trustee in holding the annuities for the benefit of the children and keeping the same at interest, terminates at their majority, but his obligation, not as such trustee, but as the holder of an estate burdened with the payment of certain annuities, does not necessarily terminate at that time. Appellant's counsel would interpolate the words, "by lapse of time," after the word, "annuities," and have that portion of the clause read, "but in case of her death before the expiration of said annuities *by lapse of time*, they be held in trust by him for the benefit of her children until they shall become of lawful age." If the expression, "by lapse of time," is intended to relate to the death of Maggie Rice, as then determining the payment of the annuity to her, it neither adds to nor detracts from the evident meaning of the clause as it stands in the will, but if by that expression it is intended to limit the life of the annuities to her lifetime, it is unauthorized, because in the language immediately following, the testator expressly

provides for a continuance of the annuities to her children. The will fixed the expiration of the bequest of the annuities at a period of twenty-five years from and after its probate, and unless in subsequent language used by the testator, he provides for a prior expiration of such bequest, it must continue to be paid for the full term designated.

As we construe this will, the testator bequeathed twenty-five annuities of $500 each to be paid out of the *corpus* of his estate, to his daughter Maggie Rice, if she should live so long, and in the event of her death before the expiration of said twenty-five years, to her children; the annuities accruing during the minority of such children to be held in trust by John S. Sargent for their benefit and kept at interest by him until said children become of lawful age, when he shall pay the same to them, and continue such payment, until the expiration of said twenty-five years.

The court below properly so construed said will, and overruled the demurrer to the declaration, and its judgment will be affirmed.

*Affirmed.*